STATE *ex rel.* UNITED MINE WORKERS OF AMERICA *et al. v.*
ASKEW *et al.*\*

(*Nashville,* December Term, 1939.)

Opinion filed June 8, 1940.

---

\*See Block Coal and Coke Co. et al. v. United Mine Workers of
America et al., 177 Tenn. —.

HAL H. CLEMENTS, HAL H. CLEMENTS, JR., and NORMAN B. MORRELL, all of Knoxville, for relators.

JAMES E. ATKINS, JR., of Knoxville, for intervening petitioner, Southern Appalachian Coal Operators Association.

ERNEST F. SMITH, Assistant Attorney-General, and WILL TERRY ABERNATHY, of Selmer, for Commissioner of Labor and Board of Review.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a petition for *mandamus* on the relation of United Mine Workers of America, District No. 19, to compel the board of review (created by the unemployment compensation laws) and the commissioner of labor to pay to relators certain unemployment compensation to which they claim to be entitled. The unemployment compensation laws of Tennessee are embodied in chapter 1 of the Acts of the Extra Session of 1936, chapter 128 of the Acts of 1937, and chapter 131 of the Acts of 1939. A group of employers known as the Southern Appalachian Coal Operators Association were permitted to intervene. The chancellor dismissed the petition and the relators appealed to this court.

The contract previously existing between the mine workers and the operators expired March 31, 1939. Negotiations for a new contract between the parties began March 14, 1939, but no agreement was reached until some time in May following. Operations in the mines ceased on March 31, when the old contract expired, and the relators were unemployed until the new contract was effected in May, as aforesaid.

Under section 8(d) of chapter 131 of the Acts of 1939 an employee is not generally eligible to benefits "for any week with respect to which the Commissioner finds that his total or partial unemployment is due to a labor dispute which is in active progress at the factory, establishment, or other premises at which he is or was

last employed.'' Certain exceptions follow not material here. By (3) of (d) this disqualification does not extend for a period of time in excess of four weeks with respect to any one labor dispute. It is concerning relators' right to benefits for the four weeks following March 31, 1939, that the primary controversy herein arose.

The relators took the position that their unemployment was not due to a labor dispute. The operators challenged this position. Proceeding under provisions of the statutes, the matter was brought before the commissioner of labor. He decided in favor of relators. On appeal the board of review reversed the commissioner and decided in favor of the operators' contention. On petition for *certiorari* the controversy was taken into the chancery court of Campbell County under the style of *Block Coal and Coke Company et al.* v. *District 19, United Mine Workers of America et al.* The chancellor reversed the ruling of the board of review, sustained that of the commissioner, and held the unemployment of relators was not due to a labor dispute. The chancellor directed that benefits be paid to the relators as sought and remanded the cause to the board of review for execution of his decree. The chancellor likewise declined to stay the execution of his decree. An appeal to this court from the chancellor's decree was then perfected by the operators.

The relators were advised that they were entitled, under provisions of the statutes, notwithstanding the appeal 'to this court from the chancellor's decree, to present payment of the four weeks' benefits. Thereupon they applied to the board of review for an order directing the commissioner of labor to pay these benefits forthwith. The board declined to make the order pending disposition of the appeal to this court. It is to compel such an

order by the board and to compel payment by the commissioner that the writ of *mandamus* was sought herein from the chancery court at Nashville.

The chancellor at Nashville was of opinion that there was no authority under the unemployment compensation laws to order payment of the benefits pending disposition of the appeal in the case of *Block Coal and Coke Company et al.* v. *District No. 19 of the United Mine Workers of America et al.,* on the docket of this court for hearing at the September term at Knoxville. Accordingly, he dismissed the petition for *mandamus,* also a petition to rehear, and it is an appeal from this decree that is now before us.

Section 6 of chapter 1 of the Acts of the Extra Session of 1936, slightly amended by chapter 128 of the Acts of 1937, and chapter 131 of the Acts of 1939, regulates procedure for enforcing the payment of disputed claims for benefits. Section 6(b) of the first Act, as amended by the later Acts, provides that the commissioner of labor shall refer claims presented to a deputy who shall examine the same and if it be a claim ''in which the payment or denial of benefits will be determined by the provisions of section 5(d) of this Act, the deputy shall promptly transmit his full findings of fact with respect to that subsection to the Commissioner, who, on the basis of the evidence submitted and such additional evidence as he may require, shall affirm, modify, or set aside such findings of fact and transmit to the deputy a decision upon the issues involved under that subsection, which shall be deemed the decision of the deputy.'' The subsection 5(d) referred to is the section with reference to denial of benefits for unemployment due to labor disputes. The course outlined was followed herein by the relators and, as stated before, the commissioner decided in their favor.

Section 6(d) of the Act of 1936 provides for the appointment of appeal tribunals, a sort of an intermediate appellate court, by the board of review. Section 6(b) of the Act of 1936 also provides that "if an appeal tribunal affirms a decision of a deputy, or the Board of Review affirms a decision of an appeal tribunal, allowing benefits, such benefits shall be paid regardless of any appeal which may thereafter be taken, but if such decision is finally reversed, no employer's account shall be charged with benefits so paid."

No appeal tribunal functioned in this matter, however. The decision of the commissioner was reviewed on direct appeal by the board of review and we are unable to see how the provision as to the effect of a concurrent decision of a deputy and an appeal tribunal and as to the effect of a concurrent decision of an appeal tribunal and the board of review has any bearing on the question before us. As heretofore seen, in the matter under consideration, the commissioner and the board of review made conflicting decisions.

Subsections (h) and (i) of section 6 of the Act of 1936, slightly amended by later Acts, are as follows:

"(h) Appeal to Courts.—Any decision of the Board of Review in the absence of an appeal therefrom as herein provided shall become final ten days after the date of notification or mailing thereof, and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his administrative remedies as provided by this Act. The Commissioner shall be deemed to be a party to any judicial action involving any such decision and shall be represented in any such judicial action by the attorney provided for in Section 17 (a) hereof.

"(i) Court Review.—Within ten days after the deci-

sion of the Board of Review has become final, any party aggrieved thereby may secure judicial review thereof by filing a petition for *certiorari* in the Chancery Court of the county of such party's residence against the Commissioner for the review of such decision, in which petition any other party to the proceeding before the Board of Review shall be made a defendant. . . . In any judicial proceeding under this section, the findings of the Board of Review as to the facts, if there be any evidence to support the same, shall be conclusive and the jurisdiction of said court shall be confined to questions of law. Such actions shall be heard in a summary manner and shall be given precedence over all other civil cases, except cases involving State revenue. An appeal may be taken from the judgment and decree of the Chancery Court having jurisdiction of such controversies to the Supreme Court of this State, in the same manner, but not inconsistent with the provisions of this Act, as is provided in other civil cases. Such petition for *certiorari* shall be heard by the Chancellor either at term time or vacation as a matter of right any other statute of this State to the contrary notwithstanding. It shall not be necessary in any judicial proceedings under this section, to enter exceptions to the ruling of the Board of Review but the petition shall distinctly state the grounds upon which the action of the Board of Review is deemed erroneous, but for entering such appeal, the appellant or petitioner shall give bond for costs as required in other Chancery suits, or in lieu thereof make oath prescribed by law for paupers. Upon the final determination of such judicial proceeding, the Board of Review shall enter an order in accordance with such determination. A petition for judicial review shall not act as a *supersedeas*

or stay unless the Board of Review or the Court to whom the petition for certiorari be presented shall so order.''

As we understand the argument for relators, it is, first, that the decree of the chancellor reversing the board of review became the decision of the board of review upon remand and that resulted in a concurrent decision of the board of review and the commissioner of labor. The relators then invoke the provision of section 6 (b) above quoted as to concurrent decisions.

Again, upon the assumption that the chancellor's order of remand made his decree the decision of the board of review, counsel invoke the final sentence of section 6 (i) just quoted that a petition for judicial review shall not act as a *supersedeas* or stay unless the board of review or the court to whom the petition for *certiorari* be presented shall so order.

These arguments would be more plausible if the board of review had concurred with the commissioner's decision, or if the board of review had itself made a decision favorable to the relators. In both respects, however, the board's decision was just to the contrary.

It will be observed that section 6 (i) of the Act of 1936 provides for an appeal from the decree of the chancery court in these matters to this court ''in the same manner, but not inconsistent with the provisions of this Act, as is provided in other civil cases.''

Under section 9036 of the Code an appeal in chancery vacates the chancellor's decree and the appellant is entitled in this court to have a re-examination ''of the whole matter of law and fact appearing in the record.''

An appeal from the chancellor's decree in causes involving unemployment compensation, by provision of the statute, is taken ''in the same manner, but not inconsist-

ent with the provisions of this Act, as is provided in other civil cases.''

We find nothing in the qualifying phrase ''but not inconsistent with the provisions of this Act'' to distinguish the effect of an appeal in a case like the one before us from the effect of an appeal in chancery in other civil cases, in so far as vacating the chancellor's decree is concerned. We take the meaning of the restrictive phrase just quoted to be this: In an ordinary chancery case, where the master and the chancellor disagree, under our statute, this court upon appeal would reexamine the whole matter of law and fact. Under the unemployment compensation statutes, were it not for the restrictive phrase, this court might re-examine the whole matter where the chancellor and the board of review had reached conflicting conclusions. Section 6 (i) of the Act of 1936, as above set out, however, provides, ''In any judicial proceedings under this section, the findings of the Board of Review as to the facts, if there be any evidence to support the same, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.'' We are of opinion that this is the only limitation upon the effect of the appeal from the chancellor's decree in a case of this sort, and it was to impose this limitation that the restrictive phrase under consideration was incorporated into the statute.

Such being our view, the chancellor's decree was vacated, along with his order of remand, and there is no basis for the argument that his decree became the decision of the board of review and resulted in a concurrence of that board with the commissioner of labor.

The statute might have provided that a favorable concurrence of the chancellor and the commissioner entitled:

the miners to benefits pending the suit but no such provision, however, appears.

We do not think the provision of section 6 (i) that a petition for judicial review shall not act as a *supersedeas* or stay, unless the board of review or the court to whom a petition for *certiorari* is addressed so orders, has any reference to an appeal from the chancellor's decree to this court. Appeal is one thing and petition for judicial review is another. Such remedies lie to different courts. These unemployment compensation acts were not drawn with indifference to legal phraseology but manifestly with appreciation of the terminology of the law.

We are not unmindful of the beneficent purposes of these statutes and of the urgent needs of those whose welfare was intended to be secured, but the most liberal interpretation of the statutes does not support the construction of the particular sections herein pressed upon us by counsel for the relators. Section 6 (i) of the Act of 1936 contains this provision: "Upon the final determination of such judicial proceeding, the Board of Review shall enter an order in accordance with such determination." We are unable to find anything in the statutes which would justify the board of review in making an order for present payment of the four weeks' benefit in controversy, taking into consideration the plight of this controversy as presented by the record before us. Prior to final determination, we see no authority to justify the board of review in making the order sought.

We have not considered the propriety of the issuance of the extraordinary writ of *mandamus* in a doubtful case like this one. Counsel for relators in one of their briefs suggest that the basic question involved is disputed and

will likely be presented for settlement to the Supreme Court of the United States.

For the reasons stated, the decree of the chancellor is affirmed.